FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 17 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JENNIFER TUFANO-SMITH                                              PLAINTIFF

VS.                           NO. 4:08 CV 518 SWW

SALINE COUNTY,
SALINE COUNTY SHERIFF,
OFFICER ABLE, IN HIS
OFFICIAL CAPACITY,
OFFICER WARD, IN HIS
OFFICIAL CAPACITY,
OFFICER JANE DOE                                                   DEFENDANTS
IN HER OFFICIAL CAPACITY

## AMENDED COMPLAINT

Comes the Plaintiff, Jennifer Tufano-Smith, by and through her attorney, Cathleen V. Compton, and for her Complaint against the Defendants, states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C.§ 1983 et. seq.

2. Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff is a citizen and resident of Lewisville, Texas, 75067.

4. At all relevant times, Defendants have operated the Saline County Jail within this judicial district.

5. At all relevant times, Defendant Saline County and the Saline County Sheriff have employed more than twenty-five (25) employees and otherwise met the jurisdictional prerequisites of Sec. 1983.

6. The effect of the practices complained of below has been to deprive Plaintiff of her civil rights and otherwise adversely affect her.

7. The unlawful practices complained of below were and are intentional, and have been officially adopted by the Saline County Sheriff.

## GENERAL ALLEGATIONS

8. On or about May 3, 2007, Plaintiff was falsely accused of child abuse while riding a Greyhound bus. The bus driver contacted the police, and Plaintiff was taken to jail at The Saline County Sheriff's Office. Her son was removed from her and taken to a place unknown to her.

9. At the Saline County jail, Plaintiff questioned Officer Able about why she was being held, and what crime she had been accused of committing. Officer Able told Plaintiff that if she "...didn't shut up, (he) would Taze her". Officer Able greatly outweighs Plaintiff, who is 4' 11", and towers over her in height.

10. Officer Able "tazed" (used a Tazer device, which issues an electronic shock) Plaintiff three times, knocking her to the floor. While she was on the floor, Officer Able kicked Plaintiff in her leg and said, "...get up, Bitch, you're alright". Plaintiff was bleeding and scared, but she stood up.

11. Plaintiff was thrown into a cell with several other women. When she began to bang on the cell door to ask about her son's whereabouts, Officer Able and Officer Rapier threw her face down on the ground with her face on cement, and handcuffed her hands behind her back, with her feet pulled up near her hands. She was left in this position for approximately one hour.

12. Officer "Ward" then made the Plaintiff strip naked and placed her in a cold shower.

Plaintiff was in the midst of her monthly cycle, but Officer Doe would not allow her to replace her sanitary pad or her underwear.

13. The tazing to Plaintiff's chest has caused scarring and disfigurement. She has incurred medical bills and continues to incur medical bills due to her maltreatment by the defendants.

14. The actions of the Defendants are the proximate cause of Plaintiff's injuries.

15. Plaintiff has suffered physical injuries as well as pain, suffering, and mental anguish, from which she will continue to suffer in the future.

16. Plaintiff has been cruelly and unusually punished by the Defendants, who knew or should have known of her civil rights and knowingly violated them.

17. Defendants acted under color of state law at the time complained of.

18. Plaintiff has been damaged by Defendants' actions and is entitled to relief as set forth in her prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jennifer Tufano-smith, prays for the following relief:

a. This is an action to secure the rights, privileges, and immunities guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution;

b. for declaratory relief; for a permanent injunction prohibiting the Defendants named in this lawsuit from engaging in unlawful and unconstitutional actions, and from continuing to engage in unlawful and unconstitutional actions, and from continuing policies and customs which violate the United States Constitution, the Arkansas Constitution, the Civil Rights Act, and the Arkansas Civil Rights Act;

c. to award Plaintiff damages for the infliction of pain, suffering, mental anguish, future pain, suffering, and mental anguish, her medical bills and future medical bills as a result of the violations described in the Complaint;

d. That the Court award her attorney's fees and costs incurred in prosecuting this action;

e. That the Court award her such additional and further relief as it deems just and proper, or for which she may become eligible during the pendency of this litigation; and

f. That the Court set the case for trial by jury of twelve (12).

Respectfully submitted,

JENNIFER TUFANO-SMITH, Plaintiff

By: _____
Cathleen V. Compton
DUDLEY & COMPTON
114 South Pulaski Street
Little Rock, AR 72201
(501) 3722-0080

**VERIFICATION**

STATE OF ARKANSAS  )
                   )  ss.
COUNTY OF PULASKI  )

I, Jennifer Tufano-Smith, after first being duly sworn, state on oath that the information contained in the foregoing are true and correct to the best of my knowledge and belief.

_____
Jennifer Tufano-Smith

## ACKNOWLEDGMENT

I hereby certify that on the 4 day of MAY 2008, before me personally appeared Jennifer Tufano-Smith known to me (or satisfactorily proven) to be the person described in and who executed the foregoing instrument duly acknowledged before me and that she executed the same for the purposes therein expressed.



JEFF POHLMAN
Notary Public, State of Texas
My Commission Expires
April 18, 2010

Notary Public

My Commission Expires:

_____